IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CUBA EUGENE HOPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Case No.  04-604-JPG |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Cuba Hopson's § 2241 petition for a writ of habeas corpus (Doc. No. 1). The petition is supported by Hopson's affidavit (Doc. No. 8). A response and replies are on file (Doc. Nos. 15, 25, 35). Pending at this time are Hopson's motions for summary judgment (Doc. Nos. 10, 29).

Hopson is in federal custody on a 1988 conviction imposed by District Court of the Northern District of Illinois on charges relating to interstate transportation of stolen motor vehicles. The respondent maintains that Hopson is properly confined pursuant to the Parole Commission's order revoking Hopson's parole. Hopson maintains that the Parole Commission should have terminated his parole and that the decision to revoke his parole violates due process. He seeks an evidentiary hearing to resolve factual disputes. Because the Court finds no dispute in the material facts, an evidentiary hearing was not held.

In 1988, Hopson was sentenced by the U.S. District Court for the Northern District of Illinois in Case No. 88-CR-400. He was ordered to serve a term of imprisonment on Count I and was further ordered to serve consecutive terms of probation on Counts II and III. Hopson started serving

his prison sentence in March, 1989, and was later released to serve his probation. In September, 1993, after numerous stolen vehicles were found in Hopson's garage, the government sought a rule to show cause why Hopson's probation should not be revoked. Following a hearing, the District Court found that Hopson had violated the terms of his probation. Hopson's probation on Counts II and III was revoked and he was ordered to serve ten years in prison on Count III and a consecutive term of five years of probation on Count II. On appeal, the revocation of probation was affirmed and the case was remanded for clarification regarding the ten-year prison sentence. The District Court clarified the sentence, which was affirmed on appeal. *United States v. Hopson*, No. 95-2010 (7th Cir. June 19, 1996).

Hopson was released on parole on January 20, 1997. At that time, he had a total of 2,433 days remaining to be served on the ten-year prison sentence imposed on Count III. Hopson signed a certificate of parole listing the usual conditions of release, along with a requirement that he remain within the limits of the Northern District of Illinois until September 19, 2003 (Doc. No. 15, Ex. B).

In 2000, Hopson filed a motion to modify the terms of his probation. The government's response led Hopson to believe that he had served his ten-year term of imprisonment and was then serving his term of probation.

In November, 2001, Hopson reviewed his records with his parole officer, who could not locate Hopson's certificate of parole. Hopson signed another parole certificate at the parole officer's request.

In March, 2002, a parole violator's report was submitted to the U.S. Parole Commission. In July, 2002, the Commission issued a parole violator's warrant, accusing Hopson of violating the conditions of his release by failing to report in March, 2002, and by failing to report his change of

residence in May, 2002. When Hopson learned that the warrant had been issued, he surrendered to the U.S. Marshal on August 9, 2002.

The parole violator's warrant was supplemented on September 5, 2005. The additional charges alleged that Hopson left the Northern District of Illinois without permission, acted as an informant for a law enforcement agency, falsified monthly supervision reports, possessed (with intent to distribute) marijuana, failed to report an arrest, failed to report a change in employment, possessed (with intent to distribute) cocaine, associated with a person having a criminal record, and drove under the influence of alcohol.

A preliminary hearing was conducted in stages on September 11 and 12, 2002. Hopson admitted some of the charged violations and contested other charged violations. Although Hopson requested a local revocation hearing, he was transported to FCI-Memphis on October 9, 2002.

Meanwhile, Hopson challenged the Parole Commission's decision to issue a violator's warrant under the Administrative Procedure Act in U.S. District Court for the Northern District of Illinois. On October 23, 2002, the District Court granted relief in part, finding that the Parole Commission failed to conduct a timely review hearing and that Hopson's probation expired by its own terms on January 20, 2002. The order directed that Hopson be immediately released from custody. Hopson was not released. On November 18, 2002, the District Court reconsidered the October 23, 2002, order. The Court found that the Parole Commission had jurisdiction over Hopson when the warrant was issued and that the Commission was entitled to proceed with a revocation hearing. The Court vacated the order directing Hopson's immediate release. Hopson appealed that decision.

A combined 5-year termination/revocation hearing was scheduled for December 4, 2002.

That hearing was continued at Hopson's request.

The combined 5-year termination/revocation hearing was conducted on March 7, 2003. On March 20, 2003, the Commission ordered that Hopson would continue under supervision, based on a finding that serious violations of his conditions of release reflected a likelihood that he would engage in new criminal conduct. The Commission proceeded to revoke Hopson's parole, finding that he violated the terms of his release on nine (of ten) charges. The findings were based on Hopson's admissions, information provided by Hopson's parole officer, information developed during a Drug Enforcement Agency investigation, arrest records, and court records showing that Hopson was convicted of driving under the influence in 1998. Hopson was ordered to continue serving his sentence of imprisonment to expiration.

On May 3, 2003, the Court of Appeals dismissed Hopson's appeal from the order denying relief under the Administrative Procedure Act for lack of prosecution.

On July 15, 2003, Hopson appealed the Parole Commission's decision, asserting due process violations. He challenged his transfer to FCI-Memphis; the timing and adequacy of parole hearings, supervision, and instruction; and argued that the Commission lost its jurisdiction. On September 10, 2003, the National Appeals Board affirmed the Parole Commission's decision. The Board determined that the Commission retained jurisdiction to conduct termination and revocation proceedings, that Hopson had no due process right to a review of his parole status, and that the delay in conducting a 5-year termination hearing was not prejudicial.

Respondent argues that some aspects of Hopson's petition should be dismissed as successive. Pursuant to 28 U.S.C. § 2244, this Court has no obligation to inquire into the detention of a person when it appears that the legality of detention has been determined on a prior application for a writ of habeas corpus. Because Hopson's claims in the Northern District were converted to

Administrative Procedure Act claims, the Court is not persuaded that this is successive habeas litigation. In a footnote, respondent also suggests that this action is barred by the doctrine of res judicata. Because that argument is not adequately developed, it is not considered. *United States v. Eddy*, 8 F.3d 577, 583 (7th Cir. 1993)(inadequately developed arguments are waived).

Hopson argues that he was never adequately on parole when he was released from prison on January 20, 1997. Although Hopson's parole officer could not locate a copy of Hopson's parole certificate, a parole certificate dated January 20, 1997, is part of Hopson's parole file (Doc. No. 15, Ex. B). This argument lacks merit.

Hopson also argues that the parole authorities violated his due process rights by failing to provide prompt and proper reviews, reports, and hearings. Hopson had a statutory right to have his status reviewed periodically for early termination of parole. 18 U.S.C. § 4211; 28 C.F.R. § 2.43. However, the early termination statute does not confer a liberty interest or right to early termination of parole. Rather, Hopson has a procedural right to obtain a decision regarding the possibility of early termination. If the Parole Commission failed to make a decision in a timely manner, Hopson's remedy was to seek mandamus relief. *U.S. ex rel Pullia v. Luther*, 635 F. 2d 612, 617 (7th Cir. 1980). Because Hopson has received his termination hearing, he did not suffer a due process deprivation. Habeas relief is unwarranted on this claim.

Hopson may also be challenging the timing of his parole revocation hearing. Because the materials on file do not reflect that Hopson raised this issue when he appealed the Parole Commission's decision to the National Appeals Board, it does not appear that Hopson exhausted his administrative remedies on this particular claim. However, because the respondent has not asserted exhaustion as a procedural defense, the claim is addressed on the merits.

Parole may not be revoked without due process of law, because individuals on parole have

a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Those who are detained on suspicion of a parole violation must receive notice of the charges and two separate hearings: a preliminary hearing soon after the initial detention and a full revocation hearing before a final decision is made. *Id.* at 485-488. Title 18 U.S.C. § 4214(a) and (c) provide that those accused of parole violations shall have an opportunity to have a revocation hearing within 60 days of the probable cause hearing or, under certain circumstances, within 90 days of the date of retaking. Pre-hearing delay will not support habeas relief unless the delay was unreasonable or prejudiced the detained individual's rights. *See Hanahan v. Luther*, 693 F.2d 629, 634 (7th Cir.1982); *Heath v. United States Parole Comm'n*, 788 F.2d 85, 89 (2d Cir.1986). The issue before the Court in habeas litigation is not whether some mistake or irregularity was committed by Hopson's custodian but whether Hopson's *custody* violates the Constitution or laws of the United States. 28 U.S.C. § 2241; *Bush v. Pitzer*, 133 F.3d 455, 456-57 (7th Cir.1997).

The exhibits establish that Hopson received the process due. He was provided with advance notice of the original and supplemental charges accusing him of violating the conditions of his release and received the two hearings mandated by *Morrissey*. Hopson's revocation hearing was initially set for December 4, 2002, approximately four months after he surrendered to the U.S. Marshal. The initial delay was due, in part, to a ruling in litigation challenging the parole violator's warrant. Further delay resulted because Hopson sought a continuance. The revocation hearing was not held until March 7, 2003. The Court is not persuaded that the delay was unreasonable or that Hobson suffered prejudice as a result of the timing of his parole revocation hearing.

Hopson also argues that the Parole Commission lacked jurisdiction to revoke his parole. Title 18 U.S.C. § 4210(b) provides that the Parole Commission's jurisdiction expires no later than the

-7-

expiration of the maximum term of a parolee's sentence. Hopson had 2,433 days remaining on his ten-year sentence of imprisonment when he was released on January 20, 1997. Because the sentence of imprisonment imposed on Count III had not expired when the Commission issued a parole violator's warrant in July, 2002, the Commission had jurisdiction to revoke Hopson's parole.

In sum, Hopson has not demonstrated a right to habeas corpus relief.

IT IS RECOMMENDED that Hopson's § 2241 petition for habeas relief and his motions for summary judgment (Doc. Nos. 1, 10, 29) be DENIED. This action should be dismissed with prejudice.

**SUBMITTED:**    August 2, 2005    .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**