UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CUBA EUGENE HOPSON,

    Petitioner,

  v.                                            Case No. 04-cv-604-JPG

RANDY DAVIS,

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 39) of Magistrate Judge Philip M. Frazier recommending that the Court deny petitioner Cuba Eugene Hopson's ("Hopson") petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and motions for summary judgment (Docs. 10 & 29).

**I.**     **Review Standard**

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.**     **Report and Objection**

The Report sets forth the relevant facts and, no party having objected to them, the Court finds them not to be clearly erroneous and therefore will adopt them without restating them here.

Hopson has filed an objection (Doc. 54). However, in his objection, he raises only arguments and issues not raised in his original § 2241 petition or any amendment to it: (1) that

he should be credited with "street time" for the time he spent on parole before it was revoked, (2) that the United States Parole Commission ("Parole Commission") lacked jurisdiction to revoke Hopson's parole because its warrant was issued after completion of a one-year supervision term imposed for a state DUI conviction, (3) that Hopson was not "convicted" of DUI when he was placed on supervision and (4) that a simple DUI does not justify revocation of Hopson's parole.

A.   Waiver

Hopson has waived these arguments by failing to make them in his original petition. Ordinarily, arguments raised for the first time in an objection are waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Divane v. Krull Electric Co.*, 194 F.3d 845, 849 (7th Cir. 1999). "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . . Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Melgar*, 227 F.3d at 1040.

In this case, the Court finds that the ordinary rule of waiver is appropriate. Hopson's objection raises arguments of a completely different nature than those raised in his petition, which center on whether he was, in fact, properly on parole on January 20, 1997, whether he received due process in connection with an early termination/revocation hearing, and whether the United States Parole Commission had jurisdiction to revoke his parole because of the expiration of a five-year probation term. His new arguments center on whether revocation was substantively justified, how his revocation term should be calculated and the impact on the United States Parole Commission's jurisdiction of an alleged April 2000 state DUI conviction

2

for which court supervision was imposed, a conviction which Hopson did not even mention in his original petition. The Court is not inclined to change the nature of this case at the eleventh hour.

      B.      <u>Amendment</u>

To the extent that the objection may be construed as a motion to amend Hopson's original § 2241 petition, the Court will deny that request. Amendment of a § 2241 petition is governed by Federal Rule of Civil Procedure 15(a). *See* 28 U.S.C. § 2242. Rule 15(a) provides that once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Rule 15(a) conveys a liberal approach to amendments, stating that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992). The rule "reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities." *McCarthy v. Painewebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989); *see Diersen v. Chicago Car Exch.*, 110 F.3d 481, 489 (7th Cir. 1997); *Woods v. Indiana Univ.-Purdue Univ.*, 996 F.2d 880, 883 (7th Cir. 1993). Generally, the decision whether to grant a party leave to amend the pleadings is a matter left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997); *Sanders v. Venture Stores*, 56 F.3d 771, 773 (7th Cir. 1995). A court should allow amendment of a pleading except where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860 (7th Cir. 2001); *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); *Daugherity*, 970 F.2d at 351.

The Court finds that amendment is not warranted in this case. First, Hopson makes no argument that he could not have made in his original petition, and he offers no reason for the sixteen-month delay in raising his arguments now, at the penultimate stage of the litigation. Furthermore, the Court finds that the amendments would be futile. Hopson has not exhausted the available administrative remedies with respect to his new arguments because he has not given the National Appeals Board of the Parole Commission a fair opportunity to consider them. *See United States v. Mittelsteadt*, 790 F.2d 39, 41 (7th Cir.1986); *DelRaine v. Carlson*, 826 F.2d 698, 703 (7th Cir. 1987). Furthermore, the Court would not be inclined to excuse his failure to exhaust in light of Hopson's extreme delay in raising the argument in this litigation. For these reasons, the Court declines to allow Hopson to make further amendments to his petition.

    C.    Review of Report

As a matter of caution, the Court has reviewed the Report *de novo* and, for the reasons stated therein, finds that it is correct. Nothing Hopson said in his objection convinces the Court otherwise. The Court will therefore adopt it in its entirety.

**III. Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report in its entirety (Doc. 39) as **SUPPLEMENTED** by this order, **DENIES** Hopson's § 2241 petition (Doc. 1) and his motions for summary judgment (Docs. 10 & 29) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: February 3, 2006**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**