UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CUBA EUGENE HOPSON,

    Petitioner,

  v.

B.A. BLEDSOE,

    Respondent.

Case No. 04-cv-604-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Cuba Eugene Hopson's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 57). Respondent B.A. Bledsoe[1] has responded to the motion (Doc. 59).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.

In this case, the Court denied Hopson's petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 based on a substantive analysis of the claims presented in his petition as set forth in Magistrate Judge Frazier's Report and Recommendation ("Report") (Doc. 39). In addition,

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d)(1), former USP-Marion Warden Randy Davis has been replaced by current USP-Marion Warden B.A. Bledsoe as the respondent in this action.

the Court declined to consider arguments raised for the first time in Hopson's objections to the Report, finding that they were waived, and declined to allow Hopson to amend the petition. Hopson now argues that the respondent waived the waiver argument and that, in fact, Hopson's arguments were raised in his original petition.  The respondent contends that the Court properly exercised its discretion to find Hopson's new arguments waived and to decline to allow him to amend his petition.

After reviewing the file, the Court concludes that Hopson has pointed to no manifest error justifying altering or amending the judgment.  The Court's exercise of its discretion was proper and its assessment of the contents of the original petition was correct.  For this reason, the Court **DENIES** the pending motion (Doc. 57).

The Court further **CONSTRUES** Hopson's *pro se* letter (Doc. 58) as a notice of appeal and **DIRECTS** the Clerk of Court to docket it as such.

**IT IS SO ORDERED.**
**DATED:  March 9, 2006**

                                                                 s/ J. Phil Gilbert
                                                                  **J. PHIL GILBERT**
                                                                  **DISTRICT JUDGE**